# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| LATARSHIA LEE, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| CITY OF WALTHOURVILLE and | ) | |
| DAISY S. PRAY, individually, | ) | |
| | ) | **CV418 - 090** |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Latarshia Lee ("Plaintiff" or "Lee"), through undersigned counsel, and files this Complaint for Damages under the Fair Labor Standards Act of 1938 ("FLSA") against Defendants, City of Walthourville ("Defendant City") and Daisy S. Pray ("Defendant Pray"), individually (collectively referred to as "Defendants"), and shows the following:

### I.  Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

## II.    Jurisdiction and Venue

### 2.

Plaintiff invokes the jurisdiction of this court pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §§ 1331 and 1343.

### 3.

Because a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district, venue is proper pursuant to 29 U.S.C. § 1391(b).

## III.    Parties and Facts

### 4.

Defendants are now, and at all times relevant hereto, have been employers as that term is defined by the FLSA.

### 5.

Defendant, City of Walthourville, is one of seven municipalities in Liberty County, GA and is subject to the jurisdiction of this court.

### 6.

Defendant, Daisy S. Pray, is the Mayor of the City of Walthourville. Defendant Pray controlled the Plaintiff and was the individual ultimately responsible for violating the FLSA anti-retaliation provisions. Defendant Pray is a resident of Liberty County, GA and is subject to the jurisdiction of this court.

2

7.

Defendant City may be served by delivering a copy of the summons and complaint to City of Walthourville, c/o Daisy S. Pray, Mayor of Walthourville at 222 Busbee Road, Walthourville, GA 31333.

8.

Defendant Pray may be served by delivering a copy of the summons and complaint to Daisy S. Pray, 170 Barnard Pray Rd., Allenhurst, GA 31301.

9.

Plaintiff is an employee as that term is defined by the FLSA and at all times material hereto was an employee of Defendants.

10.

Plaintiff began her employment with Defendants on February 2, 2015 as a police officer and Police Chief Bernie Quarterman was her superior.

11.

On April 25, 2017, Plaintiff and other employees of Defendants submitted an open records act request to Defendant Daisy S. Pray and the City of Walthourville City Council requesting officer payroll history and time sheets because they believed that they had not been properly paid for all hours worked under the FLSA.

12.

Shortly thereafter, on June 22, 2017, Plaintiff obtained an attorney and submitted a letter of representation to Defendants laying out her claims for overtime compensation.

13.

On July 20, 2017, Plaintiff filed a complaint against Defendants in this Court in Case No.: 4:17-CV-00139 seeking to vindicate her rights to overtime compensation under the FLSA.

14.

On October 12, 2017, Plaintiff agreed to the terms of a settlement with Defendants regarding her overtime claims.

15.

Immediately after agreeing to the settlement, Defendants began to subject Plaintiff to increased scrutiny.

16.

At this same time, Defendants directed and pressured Plaintiff's superior(s) to target Plaintiff for termination.

17.

On October 20, 2017, a Notice of Settlement regarding Plaintiff's FLSA overtime case was filed in this Court in Case No.: 4:17-CV-00139.

18.

On November 13, 2017 and November 14, 2017, Plaintiff and Defendants moved this Court to approve their joint settlement in Case No.: 4:17-CV-00139.

19.

On October 15, 2017; October 27, 2017; and November 15, 2017, Defendants took actions against Chief Quarterman to force Chief Quarterman to target Plaintiff in retaliation for her protected activity.

20.

On December 7, 2017, Plaintiff submitted a statement and a complaint to Defendants regarding the retaliatory acts of Defendants.

21.

From December 8th to December 19th, Plaintiff completed ten (10) hours of training required for her annual certification.

22.

On December 21, 2017, Defendants suspended Chief Quarterman for, among other things, failing to write a training program for Plaintiff.

5

23.

On December 25, 2017, Plaintiff was in good standing on her certification.

24.

On December 26, 2017, due to the high level of stress that she was under because of the ongoing retaliation, Plaintiff became unable to work and went out of work on sick leave due to work-related stress and high blood pressure.

25.

Prior to this December 26, 2017 leave of absence, Plaintiff had never used her accumulated sick leave before while employed with Defendants.

26.

Defendants refused to pay Plaintiff her sick leave during the time that she was out further retaliating against her and created a pretextual reason for not paying her.

27.

As a result of her medical leave, Plaintiff was unable to complete the remaining two (2) hours towards her annual certification by December 31, 2017.

28.

On January 12, 2018, Defendants delivered a Proposed Adverse Action to Plaintiff to put Plaintiff on unpaid suspension and to remove Plaintiff from her position as a police officer. The allegations were as follows:

"On January 10, 2018, the Georgia Peace Officer Standards and Training Council informed the City that you currently have no arrest authority as a police officer within the State of Georgia as of January 1, 2018. The City has no documentation where you yourself let us know of your inability to work the job for which you were hired.

You have a history of being deficient in your training. Allegedly, you were without law enforcement powers from January 1, 2016 to February 12, 2016 due to a training deficiency. Despite having no law enforcement powers during this period, you continued to work, make arrests, and receive pay from the City of Walthourville.

Further, our records indicate that were provided written notice of an emergency suspension from POST on or about February 3, 2016. Notwithstanding receiving actual notice of the suspension of your law enforcement powers, you logged 96 hours for the pay period between 2/3/16 and 2/16/16. Pursuant to OCGA 35-8-21(d) and (g), you would have been without powers of arrest and have been unable to perform your duties as on officer of the City of Walthourville. Working during this period potentially exposed the City to liability for any potentially illegal arrests or stops you may have made during this period.

You allegedly did not inform anyone within the City of your suspension in 2016, and did not do so with the most recent suspension. We are a small city; the absence of one officer seriously hampers our ability to protect the citizens and property. We are also unable to plan and schedule officers to cover shifts without accurate, correct, and truthful knowledge of an officer's ability to perform their duties."

29.

On January 22, 2018, Plaintiff submitted a response wherein she explained that she had been out on medical leave since December 26, 2017 and that as a result she had been unable to complete the remaining two (2) hours of annual training by

7

December 31, 2017, but that she had since completed the training. Plaintiff explained that the suspension was a normal procedure that POST put in place for officers who do not meet their training due to different circumstances and that her suspended status would be lifted as soon as she paid a fee. Plaintiff further explained that she was unable to pay the fee because her sick leave through the City had not been approved and paid on time and in accordance with Defendants' policies.

30.

After considering Plaintiff's response, Defendants terminated Plaintiff on January 22, 2018, allegedly for the reasons in the January 12, 2018 Proposed Adverse Action.

## COUNT I

### Violation of 29 U.S.C. § 215(a)(3)
### FLSA RETALIATION

31.

Plaintiff reavers, realleges, and incorporates herein each and every averment and allegation of this Complaint as though fully set forth herein verbatim.

32.

29 U.S.C. § 215(a)(3) makes it unlawful for any person...to discharge or in any other manner discriminates against any employee because such employee has

filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or about to testify in any such proceeding, or has served or is about to serve on an industry committee.

33.

The FLSA's definition of the word "person" includes "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

34.

Defendants both meet the definition of a "person" under the FLSA.

35.

Defendants were prohibited from retaliating against Plaintiff because she engaged in activity protected under the FLSA.

36.

Plaintiff engaged in statutorily protected activity under the FLSA by filing her complaint and by participating in the FLSA lawsuit.

37.

Plaintiff engaged in additional statutorily protected activity under the FLSA when she submitted her December 7, 2017 complaint to Defendants regarding the retaliatory acts of Defendants.

9

38.

Defendants' actions, policies and/or practices as described above, which resulted in a pattern of antagonism towards Plaintiff, violate the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).

39.

Defendants knew that their conduct violated the FLSA, and Defendants acted with malice or with reckless indifference to Plaintiff's federally protected rights.

40.

Defendants' violations of the FLSA were willful and in bad faith.

41.

Plaintiff suffered adverse actions as a result of her statutorily protected conduct.

42.

Defendants' retaliatory conduct was not "wholly unrelated" and was, in fact, directly related to Plaintiff engaging in activity protected under the FLSA.

43.

Plaintiff's activity protected under the FLSA was the motivating factor in Defendants' decision to retaliate against Plaintiff.

44.

As a direct and proximate result of the retaliation, Plaintiff has sustained financial losses, including lost wages and benefits, for which she is entitled to recover from Defendants.

45.

As a direct and proximate result of the retaliation, Plaintiff has suffered severe emotional distress, for which she is entitled to recover from Defendants.

46.

Pursuant to the FLSA, 29 U.S.C. § 215(a)(3), Plaintiff is entitled to recover actual and liquidated damages, including lost wages, as well as compensatory damages, attorneys' fees, and the costs of this litigation.

### IV.    Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)    Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)    Grant declaratory judgment declaring that Plaintiff's rights have been violated, and that Defendants' violations of the FLSA were willful;

(C)    All equitable relief available under the FLSA;

(D)    General damages for mental and emotional suffering caused by Defendants' misconduct, along with all economic damages available,

including back-pay, liquidated damages, lost benefits, and front-pay in lieu of reinstatement;

(E)   Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts, and as otherwise available under the law;

(F)   Attorneys' fees, costs, and prejudgment interest; and

(G)   All other relief to which she may be entitled.

Respectfully submitted this 19th day of April, 2018.


**BARRETT & FARAHANY**

/s/ Charles Herman
Charles Herman
Georgia Bar No. 142852

***Attorneys for Latarshia Lee***

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
charles@justiceatwork.com

12