IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LATARSHIA LEE,<br><br>      Plaintiff,<br><br>v.<br><br>CITY OF WALTHOURVILLE and DAISY S. PRAY, Individually,<br><br>      Defendant. | CIVIL ACTION NO.: 4:18-cv-90 |

# **O R D E R**

This workplace retaliation case comes before the Court on Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 8.) Defendants City of Walthourville (the "City") and Daisy S. Pray seek the dismissal of Plaintiff's punitive damages claim and Defendant Pray seeks dismissal of all claims against her. (Id.) Though Plaintiff Latarshia Lee submitted a Response in opposition to Defendants' Motion, she essentially concedes that the law of the Eleventh Circuit Court of Appeals forbids her claims for punitive damages and forbids her claims against Defendant Pray in her individual capacity. (Doc. 11.)

As laid out below, the precedent of the Eleventh Circuit—which this Court must follow—indeed prohibits the claims at issue. Thus, the Court **GRANTS** Defendants' Motion to Dismiss, (doc. 8). The Court **DISMISSES** all claims asserted against Defendant Pray and **DISMISSES** Plaintiff's claim for punitive damages. Plaintiff's other claims against Defendant City of Walthourville shall remain pending before the Court. The Court **DIRECTS** the Clerk of Court to terminate Daisy S. Pray as a named Defendant in this action.

Additionally, the Court notes that the parties' deadline for filing dispositive motions, February 13, 2019, is fast approaching. Prior to the filing of dispositive motions, it would be prudent for the parties to gauge the impact of the instant ruling and provide a status report to the Court. Consequently, the Court hereby **ORDERS** the parties to file a joint post-discovery status report on or before February 13, 2019.[1] The Court **EXTENDS** the deadline for the filing of dispositive motions, including all Daubert motions to **March 15, 2019.**

## BACKGROUND

Plaintiff filed the present action in this Court on April 20, 2018, seeking damages for alleged violations of her rights under the Fair Labor Standards Act of 1938, § 28 U.S.C. 201, *et seq.* ("FLSA"). (Doc. 1.) Plaintiff alleges that Defendants violated the FLSA by engaging in unlawful workplace retaliation after Plaintiff settled a separate lawsuit against the City in late 2017. (Id.) Plaintiff maintains that Defendant Pray, as mayor of the City, "was the main actor in Plaintiff's retaliatory discharge and pressured Plaintiff's superior(s) to target Plaintiff for termination" immediately following the settlement.[2] (Doc. 11, p. 2.) Plaintiff seeks to recover "actual and liquidated damages, including lost wages, [] compensatory damages, attorneys' fees, and the costs of litigation," as well as punitive damages from both Defendants. (Doc. 1, pp. 11–12.) In the present Motion, Defendants contend that neither Plaintiff's claims against Defendant Pray nor her request for punitive damages is permitted under the FLSA. (Doc. 8.) In response, Plaintiff acknowledges that Defendants' assertions are supported by Eleventh Circuit precedent but urges the Court to consider law from other circuits. (Doc. 11, p. 1.)

---

[1] A Status Report Form is available on the Court's website www.gas.uscourts.gov under "forms." The parties are directed to use the content and format contained in this Form when reporting to the Court.

[2] Plaintiff only asserts claims against Defendant Pray in her individual capacity. (Doc. 1.)

**STANDARD OF REVIEW**

A court may dismiss a complaint when it lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or when the complaint does not state a facially plausible claim for relief under Rule 12(b)(6). Jones v. State, 725 F.2d 622, 623 (11th Cir. 1984). Here, Defendants argue that dismissal is appropriate on both grounds because the law does not permit the at-issue claims.

Motions pursuant to Rule 12(b)(1) take one of two forms: a "facial attack" on subject matter jurisdiction based on the complaint's allegations taken as true or a "factual attack" based on evidentiary matters outside of the pleadings. McElmurray v. Consol. Gov't of Augusta-Richmond Cty., 501 F.3d 1244, 1251 (11th Cir. 2007) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)). Here, in the "facial attack" context, the Court proceeds as if it were evaluating a 12(b)(6) motion. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009), abrogated on other grounds by Mohamad v. Palestinian Auth., 566 U.S. 449 (2012).

In evaluating a Rule 12(b)(6) motion to dismiss, a court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" does not suffice. Ashcroft, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007)). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal

conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id.

## DISCUSSION

**I.  Dismissal of Defendant Pray in her Individual Capacity**

Defendant Pray avers that, as a public official, she cannot be sued in her individual capacity for FLSA violations and urges that the claims against her must be dismissed as a matter of law. (Doc. 8.) The Court agrees.

A person may be held individually liable in an FLSA retaliation suit if he or she qualifies as an "employer" under the Act. 29 U.S.C. §§ 215(a)(3), 216(b); see also Moore v. Appliance Direct, Inc., 708 F.3d 1233, 1237 (11th Cir. 2013) (the FLSA permits individual liability for retaliation where the individual is considered an "employer"). The FLSA definition of "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d); see Moore, 708 F.3d at 1237. To determine whether an individual qualifies as an FLSA employer, courts in the Eleventh Circuit are charged with considering "the total employment situation." Welch v. Laney, 57 F.3d 1004, 1011 (11th Cir. 1995). Such an inquiry includes weighing "whether or not the employment took place on the premises of the alleged employer; how much control [] the alleged employer exert[ed] on the employees; and, [whether] the alleged employer ha[d] the power to fire, hire, or modify the employment condition of the employees[.]" Id. (quoting Wirtz v. Lone Star Steel Co., 405 F.2d 668, 669–70 (5th Cir. 1968)) (alterations in original). In Welch v. Laney, the Eleventh Circuit applied these factors and held that a sheriff could not be held individually liable for an equal pay claim asserted under the FLSA by a dispatcher. Id. The court explained that outside of his role as a public official, the

4

sheriff "had no control over [the dispatcher's] employment" and therefore did not qualify, in his individual capacity, as her employer under the FLSA. Id.

Several years later, in Wascura v. Carver, the Eleventh Circuit hearkened back to its holding in Welch. 169 F.3d 683, 684–86 (11th Cir. 1999). The plaintiff in Wascura was a city clerk who asserted a retaliation claim pursuant to the Family and Medical Leave Act ("FMLA") against the mayor, vice mayor and two city commissioners—all in their individual capacities. Id. at 684. The public official defendants claimed they were entitled to dismissal because they were not "employers" under the FMLA. Id. The Wascura court, noting that the FLSA and the FMLA contain identical definitions for "employer," relied on Welch as controlling authority with regard to whether the defendants, in their individual capacities, qualified as "employers." Id. at 685–86. The court explained that Welch addressed the issue of "whether the term 'employer' includes a public official in his or her individual capacity" and concluded that "it does not." Id. at 686. As a result, the Wascura Court held that the plaintiff's FMLA claim against the city officials should have been dismissed insofar as it was asserted against the officials in their individual capacities because, as a matter of law, they did not qualify as "employers." Id. at 687.

Pursuant to Welch and Wascura, Defendant Pray, as mayor of the City, does not qualify in her individual capacity as an "employer" under the FLSA. Plaintiff argues her claim is not controlled by either case because the FLSA retaliation provision, 29 U.S.C. § 215(a)(3), proscribes retaliation by "any person." (Doc. 11, p. 6.) Plaintiff urges that, by using "any person" rather than "employer," Congress intended to expand the pool of potential defendants in the retaliation context to individuals who may not necessarily qualify as FLSA employers. Notably, however, Plaintiff has not cited any Eleventh Circuit case law supporting such an expansive interpretation. Indeed, in Moore, while considering whether the corporate officer defendant could be held personally

5

liable for retaliation under § 215(a)(3), the Eleventh Circuit acknowledged that "[t]he FLSA defines an employer as including '*any person* acting directly or indirectly in the interest of an employer in relation to an employee.'" 708 F.3d at 1237 (quoting 29 U.S.C. § 203(d)) (emphasis added). Nonetheless, the court framed the issue before it as whether the officer, in his individual capacity, qualified as an "*employer*" under § 203(d). Id. (emphasis added). Though Moore did not involve a claim against a public official, it demonstrates that, when faced with a 29 U.S.C. § 215(a)(3) retaliation claim against a person in their individual capacity, the Eleventh Circuit inquires into whether that person qualifies as an employer under the FLSA—notwithstanding the fact that § 215 proscribes retaliation by "any person."

Despite the foregoing Eleventh Circuit precedent, Plaintiff urges the Court to consider and apply the reasoning and decisions of other circuits that do permit public officials to be held liable in their individual capacities under the FLSA. See, e.g., Luder v. Endicott, 253 F.3d 1020, 1022 (7th Cir. 2001) (disagreeing with the holdings of Wascura and Welch); Bonzani v. Shinseki, 895 F. Supp. 2d 1003, 1007 (E.D. Cal. 2012) (discussing the split among circuits on the issue of individual liability). However, the Court is bound by the decisions of the Eleventh Circuit, and Plaintiff did not cite any authority that would permit the Court to deviate from the Circuit's precedent. See Fox v. Acadia State Bank, 937 F.2d 1566, 1570 (11th Cir. 1991) ("[A] district court in this circuit is bound by this court's decisions."). Accordingly, the Court finds that it does not have subject matter jurisdiction over Plaintiff's FLSA claims against Defendant Pray in her individual capacity and **GRANTS** Defendants' Motion on this issue.

**II.  Dismissal of Plaintiff's Punitive Damages Claim**

Finally, Defendants argue that Plaintiff's claim for punitive damages must be dismissed because such damages are not recoverable under governing law. (Doc. 8, p. 3.) Plaintiff

"respectfully disagrees" with the applicable law and contends that punitive damages should be permitted to deter unlawful conduct and to effectuate the purposes of the FLSA. (Doc. 11, p. 14.) In Snapp v. Unlimited Concepts, Inc., the Eleventh Circuit explicitly held that 29 U.S.C. § 216(b), the section detailing which remedies are available in civil FLSA suits, does not provide for punitive damages against an employer that has violated the FLSA's anti-retaliation provision. 208 F.3d 928, 938 (11th Cir. 2000). The Snapp Court also noted that, while a district court "may have to exercise some creativity in awarding relief [for] retaliation," such relief is limited to that which is compensatory in nature. Id. at 937 (providing an example of front pay where reinstatement may be inappropriate).

Plaintiff argues this holding should be reconsidered because it does not adequately effectuate the FLSA's remedial scheme and urges the Court to follow precedent from outside this Circuit. (Doc. 11, p. 11.) Specifically, Plaintiff points to the Seventh Circuit Court of Appeals' holding that § 216(b) permits punitive damages for retaliation claims in Travis v. Gary Comty. Mental Health Ctr., Inc., 921 F.2d 108 (7th Cir. 1990). However, in Snapp, the Eleventh Circuit discussed Travis and flatly rejected its reasoning. 208 F.3d at 934–39 ("We disagree with the Seventh Circuit's conclusion [in Travis] that punitive damages are available under section 216(b)."). As noted above, the Court is bound by precedent and cannot rule in contravention of Snapp without an intervening opinion issued by the Eleventh Circuit or the Supreme Court of the United States. See Fox, 937 F.2d at 1070. Accordingly, the Court finds that Plaintiff's request for punitive damages under the retaliation provision of the FLSA must be dismissed. The Court therefore **GRANTS** Defendants' Motion on this issue.

**CONCLUSION**

Based on the foregoing, the Court **GRANTS** Defendants City of Walthourville and Daisy S. Pray's Motion to Dismiss, (doc. 8). Specifically, the Court **DISMISSES** all claims asserted against Defendant Pray and **DISMISSES** Plaintiff's claim for punitive damages. Plaintiff's other claims against Defendant City of Walthourville shall remain pending before the Court. The Court **DIRECTS** the Clerk of Court to terminate Daisy S. Pray as a named Defendant in this action.[3]

**SO ORDERED**, this 28th day of January, 2019.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] As Plaintiff did not assert any claims against Defendant Pray in her official capacity, no claims remain pending against her. (Doc. 1.)